FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL TODD, as assignee of Jesse Babauta, <br><br> Plaintiff, <br><br> vs. <br><br> CHASE BANK USA, N.A. and GE MONEY BANK, <br><br> Defendants. | Case No. 11 C 6258 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Michael Todd, as assignee of Jesse Babauta, has sued Chase Bank USA (Chase) and GE Money Bank (GEMB) for claims arising out of their alleged failure to update Babauta's credit report. Specifically, Todd claims that under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(a), (FCRA), both Chase and GEMB had a duty to update Babauta's credit report, which they failed to meet. The defendants have moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated below, the Court dismisses the complaint pursuant to Rule 12(b)(6).

## Background

Todd brings these claims as the assignee of Babauta. On March 23, 2010, Babauta filed for Chapter 7 bankruptcy. He received an order of discharge on June 16,

2010. Todd claims that Babauta assigned him certain legal claims, including those stated here against the defendants.

Todd alleges that the defendants received a copy of the discharge order but that despite that order, they refused to update Babauta's account to reflect the discharge. Rather, Todd alleges, the defendants maintained the status of "charge off" on Babauta's accounts, which was incorrect and false. Todd claims that as a result of defendants' failure to correct the status of Babauta's accounts, Babauta was caused past and future monetary loss, past and future damage to his credit worthiness, and other injuries.

Todd alleges that the defendants negligently violated their duties to Babauta under section 1681s-2(a) of the FCRA and state law. Todd further claims that by willfully failing to update Babauta's accounts, defendants exhibited gross negligence, again in violation of section 1681s-2(a) and state law.

## Discussion

In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and draws reasonable inferences in the plaintiff's favor. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). To survive the motion, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Defendants argue that Todd fails to state a claim because there is no private right of action under Section 1681s-2(a) and any common law negligence claims arising out of the conduct giving rise to the alleged FCRA violations are preempted. Defendants also contend that Todd lacks standing to assert the claims because they are not legally assignable.

**1.    FCRA § 1681s-2(a)**

Todd alleges that by failing to update the status of the pertinent accounts on Babauta's credit report, defendants violated FCRA section 1681s-2(a) and state common law.  Defendants contend that section 1681s-2(a) contains no private right of action and that Todd's state law claims are preempted by the FCRA.

The FCRA was enacted, in large part, to protect consumers by ensuring "fair and accurate credit reporting."  15 U.S.C. § 1681(a)(1).  Section 1681s-2 deals with the duties of companies, such as Chase and GEMB, that furnish information to credit reporting agencies. *Id*. § 1681s-2.  Subparagraph (a), upon which Todd bases hisFCRA claims, imposes requirements on furnishers regarding the accuracy of information, the production of certain types of information, and the correction of erroneous information. *Id*. § 1681s-2(a).

No private right of action exists, however, for violations of section 1681s-2(a). *Id*. § 1681s-2(c); *Purcell v. Bank of America*, 659 F.3d 622, 623 (7th Cir. 2011); *Rollins v. Peoples Gas Light & Coke Co.*, 379 F. Supp. 2d 964, 967 (N.D. Ill. 2005) ("It is undisputed that there is no private right of action under § 1681s-2(a).") (citations omitted).  Accordingly, the violations that Todd alleges under section 1681s-2(a), even if

proven, are not actionable in this lawsuit.

Todd has not asserted any section 1681s-2(b) claims in his current complaint, so the Court need not address the defendants' arguments concerning that provision of the FCRA.

**2.    State common law claims**

Todd also asserts state law claims of negligence and gross negligence. Defendants contend that these state law claims are preempted by the FCRA.

FCRA section 1681h(e) provides that "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Section 1681t(b)(F), which was added to FCRA in 1996, provides: "No requirement or prohibition may be imposed under the laws of any State – (1) with respect to any subject matter regulated under . . . section 1681s-2. . . ." *Id*. § 1681t(b)(F).

Before the Seventh Circuit's decision in *Purcell*, some district courts in this circuit interpreted section 1681t(b) narrowly to avoid inconsistency with section 1681h(e), in a way that preserved a plaintiff's ability to bring common law claims based on "false information furnished with malice or willful intent to injure" the consumer. *Purcell*, 659 F.3d at 625. This likely explains Todd's allegation that defendants acted with malice and willful intent to injure Babauta. Compl. ¶ 20.

In *Purcell*, however, the Seventh Circuit held that that there was no inconsistency between section 1681h(e) and section 1681t(b). *Id.* at 625. The court held that

"[s]ection 1681h(e) preempts some state claims that could arise out of reports to credit agencies; § 1681t(b)(1)(F) preempts more of these claims. Section 1681h(e) does not create a right to recover for willfully false reports; it just says that a particular paragraph does not preempt claims of that stripe." *Id*. As a result, the court held that all state law claims within the scope of section 1681s-2 are preempted. Despite Todd's disagreement with the holding in *Purcell*, that ruling is binding on this court. Accordingly, the Court dismisses Todd's state law claims because they are preempted by section 1681t(b).

### 3. Standing

In light of the Court's ruling regarding liability under section 1681s-2(a) and the preemption of state law claims, it is unnecessary to consider the defendants' arguments that Todd lacks standing to assert Babauta's claims.

### Conclusion

For the above reasons, the Court grants defendants' motions to dismiss [docket nos. 17 & 20]. Unless Todd files, by no later than March 5, 2012, a motion for leave to amend that attaches a complaint that states a viable legal claim over which the Court has subject matter jurisdiction, the Court will enter final judgment against him.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 13, 2012